**KOLLER LAW LLC**
David M. Koller, Esq. (90119)                                          *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SARA MALAKI,** | : | **Civil Action No.** |
| **2053 A Raleigh Road** | : | |
| **Hummelstown, PA 17036** | : | |
|     **Plaintiff,** | : | |
| | : | |
|     **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **HERSHEY ENTERTAINMENT &** | : | |
| **RESORTS COMPANY d/b/a MELTSPA** | : | |
| **BY HERSHEY,** | : | |
| **11 E Chocolate Avenue** | : | |
| **Hershey, PA 17033** | : | |
| | : | |
| **27 W Chocolate Avenue** | : | |
| **Hershey, PA 17033** | : | |
|     **Defendant.** | : | |

## CIVIL ACTION

Plaintiff, Sara Malaki (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Defendant, Hershey Entertainment & Resorts Company d/b/a MeltSpa by Hershey (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, the Age Discrimination in Employment Act ("ADEA"), and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Defendant is an entertainment and hospitality company with a location at 11 E Chocolate Avenue, Hershey, PA 17033 and with a corporate headquarters located at 27 W Chocolate Avenue, Hershey, PA 17033.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein

pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under the ADEA and the PHRA.

13. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability and age discrimination against Defendant.

14. The Complaint was assigned a Charge Number of 530-2021-00300 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated April 23, 2021. Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff was born on November 20, 1968.

21. Plaintiff is Persian and was born in Iran.

22. In 2000, Defendant hired Plaintiff in the position of Kitchen Cleaner.

23. Plaintiff was well qualified for her position and performed well.

24. In or around 2002, Plaintiff became a Nail Technician.

25. Plaintiff was well qualified for her position and performed well.

26. In or around 2005, Plaintiff became an Esthetician.

27. Plaintiff was well qualified for her position and performed well.

28. In or around March 2019, Plaintiff terminated her employment with Defendant due to personal reasons.

29. In or around June 2019, Defendant rehired Plaintiff in the position of Spa Coordinator.

30. Plaintiff was well qualified for her position and performed well.

## PLAINTIFF WAS DISCRIMINATED AGAINST DUE TO HER RACE AND NATIONAL ORIGIN BY THE GENERAL MANAGER

31. At the start of Plaintiff's employment as a Spa Coordinator, Kerri Stoy (early 30's, American-born, Caucasian), General Manager, began to discriminate against Plaintiff due to her race and national origin.

32. Ms. Stoy's discriminatory conduct included, but was not limited to, making fun of Plaintiff's accent and rolling her eyes and repeatedly asking Plaintiff "What?" in a rude and condescending manner when she spoke.

33. On one such incident, Ms. Stoy asked Plaintiff where Persia was.

34. When Plaintiff informed her that it was Iran, she rolled her eyes in an annoyed manner and walked away from her.

35. Ms. Stoy frequently spoke to Plaintiff in a rude and condescending manner, but did not treat Plaintiff's American-born, Caucasian coworkers this way, including, but not limited to, Jennifer Neye, Spa Coordinator, Lisa Nicholas, Concierge, Paige Stine, concierge, Cheyenne Vickinovac, Concierge, and Samantha Randol, Concierge.

36. When Plaintiff asked questions related to Defendant and/or her coworkers that pertained to her job duties, Ms. Stoy responded that it was "none of your business" and did not provide her with the information.

37. Ms. Stoy often did this in front of Plaintiff's coworkers, which Plaintiff found to be humiliating and degrading.

38. However, Ms. Stoy did not treat Plaintiff's aforementioned American-born, Caucasian coworkers in this way.

39. In addition, upon information and belief, Ms. Stoy sabotaged work that Plaintiff completed on her computer in order to make it seem like she made numerous mistakes.

## PLAINTIFF WAS PREVENTED FROM COMPLAINING ABOUT MS. STOY'S DISCRIMINATORY CONDUCT

40. In or around November 2019, Plaintiff attempted to complain to Shian Wing (British-born, Caucasian), Spa Director, multiple times about Ms. Stoy's discriminatory conduct.

41. However, Ms. Wing would inform Plaintiff that they would speak the following day and then would state that she was too busy to do so.

**PLAINTIFF'S COWORKERS COMPLAINED TO MS. WING ABOUT MS. STOY'S DISCRIMINATORY CONDUCT SHE SUBJECTED PLAINTIFF TO**

42. In addition, in or around early 2020, Plaintiff learned that three (3) of her coworkers complained to Ms. Wing about Ms. Stoy's discriminatory conduct towards Plaintiff.

43. However, Ms. Wing did not address these complaints regarding Ms. Stoy's discriminatory behavior.

**MS. STOY CONTINUED TO DISCRIMINATE AGAINST PLAINTIFF AND REPRIMANDED HER FOR ASKING A COWORKER ABOUT HIS MOTHER WHO SHE KNEW PERSONALLY**

44. On February 5, 2020, Ms. Stoy reprimanded Plaintiff for asking Ben Hendrix, General Manager, how his mother was doing because she had been a customer and she had worked with Mr. Hendrix for approximately 13 years.

45. Mr. Hendrix informed Plaintiff that his mother had passed away.

46. Plaintiff was not aware of this at the time.

47. Mr. Hendrix was not upset after Plaintiff asked him about his mother.

48. Plaintiff informed Ms. Stoy of this and that it was part of her culture to ask.

49. Ms. Stoy responded to Plaintiff that she did not care about her culture.

50. Plaintiff also notified Ms. Stoy that her mother had passed away exactly a year prior, which was a reason she asked Mr. Hendrix about his mother.

51. Ms. Stoy replied, "who cares about you."

52. Plaintiff felt that Ms. Stoy's comments were inappropriate and discriminatory.

**PLAINTIFF'S HUSBAND COMPLAINED TO MS. WING ABOUT MS. STOY'S DISCRIMINATORY CONDUCT AND IS INSTRUCTED NOT TO COMPLAIN TO HUMAN RESOURCES**

53. Later that day, Plaintiff's husband, Allen Alamouti, contacted Ms. Wing by text message and complained about the discriminatory treatment Ms. Stoy was subjecting Plaintiff to.

54. Mr. Alamouti informed Ms. Wing that he was going to have Plaintiff complain to Human Resources about Ms. Stoy's discriminatory conduct.

55. However, Ms. Wing informed Mr. Alamouti that she would handle the situation and instructed Plaintiff not to complain to Human Resources.

56. Plaintiff followed Ms. Wing's instructions.

57. Upon information and belief, Ms. Wing did not take any action to address Ms. Stoy's discriminatory conduct.

**DEFENDANT ISSUED PLAINTIFF A WRITTEN DISICPLINE IN RETALIATION FOR HER COMPLAINT**

58. Instead, on February 27, 2020, Plaintiff was called in to a meeting with Ms. Stoy, Ms. Wing and Krystal King (American-born, Caucasian), Human Resources Representative.

59. Plaintiff was accused of having performance deficiencies, having a poor attitude and being insubordinate.

60. These allegations were false, and Plaintiff stated so during the meeting.

61. They presented Plaintiff with a written discipline, but she refused to sign it because she did not agree.

62. Plaintiff believed that this meeting and the presented discipline were retaliatory for her complaint earlier that month.

**MS. WING AND MS. STOY CONTINUED TO RETALIATE AGAINST PLAINTIFF AND MADE A DISCRIMINATORY COMMENT BASED UPON HER AGE**

63. Several days later, Ms. Wing and Ms. Stoy brought Plaintiff into the office and proceeded to reprimand her for allegedly having a poor attitude.

64. Plaintiff did not have a poor attitude and notified them of this.

65. Ms. Wing proceeded to then call Plaintiff a "miserable 50 year old woman."

66. Plaintiff felt that Ms. Wing's comment was discriminatory and retaliatory.

## PLAINTIFF COMPLAINED TO HUMAN RESOURCES ABOUT MS. STOY'S AND MS. WING'S DISCRIMINATORY AND RETALIATORY CONDUCT

67. On March 5, 2020, Plaintiff complained to Ms. King about Ms. Stoy's and Ms. Wing's discriminatory and retaliatory conduct.

68. Ms. King informed Plaintiff that she would conduct an investigation.

69. However, Ms. Stoy's discriminatory and retaliatory conduct did not cease.

70. Following Plaintiff's complaint, Ms. Stoy's and Ms. Wing's discriminatory treatment of Plaintiff intensified in retaliation for her complaint.

## DEFENDANT PLACED PLAINTIFF ON FURLOUGH DUE TO COVID-19

71. On April 13, 2020, Defendant closed due to the COVID-19 pandemic and Plaintiff was placed on furlough.

## DEFENDANT TERMINATED PLAINTIFF SHORTLY BEFORE IT REOPENED, DESPITE HAVING MULTIPLE POSITIONS AVAILABLE THAT SHE WAS WELL QUALIFIED FOR

72. On June 14, 2020, Mr. Hendrix called Plaintiff and terminated her due to her position being eliminated from financial issues caused by the COVID-19 pandemic.

73. Upon information and belief, only one (1) other employee of approximately 50 were terminated by Defendant along with Plaintiff.

74. Plaintiff was also the oldest employee at Defendant.

75. On June 19, 2020, Defendant reopened.

76. Since Defendant's reopening, it has posted available positions that Plaintiff is well qualified for and had previously performed exceptionally, including, but not limited to, Nail Technician and Cosmetologist, but it did not offer her any of the available positions or instruct Plaintiff to apply for them.

77. It is Plaintiff's position that she was discriminated against due to her race and national origin and retaliated against for reporting the aforementioned discrimination in violation of Title VII. Plaintiff also contends that she was discriminated against due to her age in violation of the ADEA.

## COUNT I – RACE DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

78. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

79. Plaintiff is a member of protected classes in that she is Persian.

80. Plaintiff was qualified to perform the job for which she was hired.

81. Plaintiff suffered adverse job actions, including, but not limited to termination.

82. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

83. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

84. Defendants discriminated against Plaintiff on the basis of race.

85. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

86. The reasons cited by Defendants for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – RACE DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

87. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

88. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of her race (Persian).

89. As a result of Defendant's unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – NATIONAL ORIGIN DISCRIMINATION
## <u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED</u>

90. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

91. Plaintiff is a member of protected classes in that her national origin is Iran.

92. Plaintiff was qualified to perform the job for which she was hired.

93. Plaintiff suffered adverse job actions, including, but not limited to termination.

94. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

95. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

96. Defendants discriminated against Plaintiff on the basis of her national origin.

97. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

98. The reasons cited by Defendants for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV - NATIONAL ORIGIN DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

99. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

100. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of her national origin (Iran).

101. As a result of Defendants' unlawful national origin discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT V – AGE DISCRIMINATION
## AGE DISCRIMINATION IN EMPLOYMENT ACT

102. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

103. Plaintiff was born on November 20, 1968.

104. Plaintiff was qualified to perform the job.

105. Defendant treated younger employees more favorably than Plaintiff.

106. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

107. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

108. Defendant terminated Plaintiff.

109. Upon information and belief, Defendant replaced Plaintiff with a substantially younger employee.

110. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VI – AGE DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

111. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

112. Plaintiff was born on November 20, 1968.

113. Plaintiff was qualified to perform the job.

114. Defendant treated younger employees more favorably than Plaintiff.

115. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

116. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

117. Defendant terminated Plaintiff.

118. Upon information and belief, Defendant replaced Plaintiff with a substantially younger employee.

119. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VII – RETALIATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

120. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

121. Plaintiff engaged in activity protected by Title VII.

122. Plaintiff complained of discrimination internally by reporting the discrimination to management and Human Resources.

123. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

124. There exists a causal connection between Plaintiff's participation on the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VIII – RETALIATION
## AGE DISCRIMINATION IN EMPLOYMENT ACT

125. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

126. Plaintiff engaged in activity protected by the ADEA.

127. Plaintiff complained of discrimination internally by reporting the discrimination to Human Resources.

128. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

129. There exists a causal connection between Plaintiff's participation on the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IX – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

130. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

131. Plaintiff engaged in activity protected by the PHRA when she complained of discrimination internally by reporting the same to management and Human Resources.

132. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

133. There exists a causal connection between Plaintiff's participation on the protected activity and the adverse employment action.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Sara Malaki, requests that the Court grant her the following relief against Defendant:

    (a)      Compensatory damages;

    (b)      Liquidated damages;

    (c)      Emotional pain and suffering;

    (d)      Reasonable attorneys' fees;

    (e)      Recoverable costs;

    (f)      Pre and post judgment interest;

    (g)      An allowance to compensate for negative tax consequences;

    (h)      A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or

participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII, the ADEA and the PHRA.

(i)     Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(j)     Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(k)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy

is not the subject of any other action pending in any court or of a pending arbitration proceeding,

nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: July 22, 2021          By:   */s/ David M. Koller*
                                   David M. Koller, Esquire (90119)
                                   2043 Locust Street, Suite 1B
                                   Philadelphia, PA 19103
                                   215-545-8917
                                   davidk@kollerlawfirm.com

                                   *Counsel for Plaintiff*